P I ENTERPRISES, INC., et al., Plaintiffs, Appellants,

v.

Charles J. CATALDO et al., Defendants, Appellees.

No. 71–1375.

United States Court of Appeals, First Circuit.

Argued Feb. 22, 1972.

Decided March 31, 1972.

Leslie H. Rudnick, Boston, Mass., for plaintiffs, appellants.

Richard F. Upton, Concord, N.H., with whom Upton, Sanders & Upton, Concord, N.H., was on brief, for Marshall French and others, defendants, appellees.

Charles F. Leahy, Concord, N.H., with whom Neil F. Castaldo, Concord, N.H., was on brief, for Charles J. Cataldo and others, defendants, appellees.

Theodore Wadleigh, with whom Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N.H., was on brief, for David J. Killkelley, defendant, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This appeal involves the effect of a state court decision adverse to appellants' constitutional and other legal contentions upon their subsequent civil rights action in federal court based on substantially identical facts and claims. Appellants, P I Enterprises, Inc. and Nelmy Leasing, Inc., petitioned the New Hampshire state court for a declaratory judgment voiding a town of Meredith ordinance which limited the height of buildings. The New Hampshire Supreme Court upheld the validity of the ordinance and further held that appellants had not been deprived of any vested property rights or interests by its passage. Piper v. Meredith, 110 N.H. 291, 266 A.2d 103 (1970). Thereafter the appellants filed their federal complaint, seeking declaratory relief and damages pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 (1970) and 42 U.S.C. §§ 1983, 1985(3) (1970). The district court dismissed the complaint on the grounds of res judicata and collateral estoppel. We affirm dismissal of the action.

As have many New England towns, the town of Meredith experienced a conflict between the plans of real estate developers and the desires of its residents. On September 6, 1968, Nelmy Leasing purchased a tract of land in Meredith along the shores of Lake Winnipesaukee and immediately leased it to P I Enterprises for a term of 99 years. P I Enterprises planned to construct five nine-story condominium towers on the tract, and began preliminary engineering, sales, and sitework. The planned structures apparently displeased many Meredith residents, and on September 23 over 100 voters petitioned the Board of Selectmen to convene a special town meeting in order to act upon a proposed ordinance to limit building height.[1] After an unsuccessful attempt by appellants to

---

[1] "In pursuance of authority conferred by RSA. 31:60, and for the purpose of promoting the health, safety and general welfare of the community, and to secure safety from fires, panic and other dangers, to provide adequate light and air, to prevent the overcrowding of land, to avoid undue concentration of population and to facilitate the adequate provision of water, sewerage and other public requirements, it is hereby enacted, that

"No building shall be erected in the Town of Meredith exceeding five [5] stories or seventy-five [75] feet in height; and no building shall be erected within fifty [50] feet of any other building or within one hundred [100] feet of the shore of any lake in Meredith, exceeding three [3] stories or forty-five [45] feet in height."

enjoin the town meeting,[2] on October 9, 1968, the residents voted in favor of the ordinance. At another town meeting on April 15, 1969, the ordinance was purportedly adopted.

Subsequently, Nelson B. Piper, Jr.[3] and the two appellants herein joined as plaintiffs in a state declaratory judgment suit against the town. They sought determination that the ordinance was "void, unconstitutional, without force of law, and inapplicable."[4] Their alternative contentions were: (1) the ordinance was invalid since it regulated zoning but had been passed without compliance with state zoning ordinance procedures;[5] (2) the ordinance was an improper exercise of police powers; (3) the ordinance was inapplicable to plaintiffs since their interests in the proposed towers had vested prior to its passage. The New Hampshire Supreme Court agreed that zoning procedures had not been followed, but upheld the ordinance as a valid exercise of inherent police powers. It also upheld the superior court's conclusion that the plaintiffs' interests in the proposed construction had not vested sufficiently to render the ordinance inapplicable to them. The Court specifically addressed and decided the claims of unconstitutionality. Piper v. Meredith, 110 N.H. 291, 266 A.2d 103 (1970). No review of this decision was sought in the United States Supreme Court.

Fourteen months after the *Piper* decision, appellants [6] filed the instant federal court action. While the remedy sought differs from that in the state litigation, in that both damages and declaratory relief are sought, the underlying facts and legal contentions are substantially identical. The only significant addition is appellants' allegation of a conspiracy among the defendants in violation of 42 U.S.C. § 1985(3). The defendants are seven town residents and their attorney, the town clerk, and the three town Selectmen. Appellants contend that they are not estopped from asserting their consitutional claims by the state litigation because the federal cause of action arises under a federal statute, viz. the Civil Rights Act.

It is settled beyond dispute that state courts have jurisdiction to decide federal issues except in areas where federal courts have been granted exclusive jurisdiction. "Upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof. . . ." Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 551, 28 L.Ed. 542 (1884). A state court decision on constitutional issues is res judicata to the identical suit brought in federal court. Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930). *See also* Angel v.

2. On October 4 the appellants petitioned the state superior court to enjoin the meeting on the grounds that any action taken would violate the state procedural requirements for zoning ordinances and would be invalid under general police powers. The superior court refused the injunction but ruled anticipatorily that any action taken at the town meeting would be invalid. This ruling was vacated by the New Hampshire Supreme Court on the grounds that it was advisory and the superior court lacked jurisdiction to render advisory opinions. Piper v. Meredith, 109 N.H. 328, 251 A.2d 328 (1969).

3. Piper, along with one Myles I. Israel, is said to wholly own and control Nelmy Leasing and P I Enterprises.

4. The record of the state proceedings is not before us. We derive the nature of the suit and the plaintiffs' contentions from the state Supreme Court decision, Piper v. Meredith, 110 N.H. 291, 266 A.2d 103 (1970).

5. N.H. R.S.A. 31:63-a imposes certain notice and hearing requirements for the passage of town zoning ordinances.

6. The absence of Piper as a named plaintiff in the federal suit is not legally significant, as he is in privity with the corporate parties.

Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). The appellants herein elected to litigate the constitutional validity of the ordinance in state court [7] and by-passed the opportunity for federal review by failing to appeal the state decision to the United States Supreme Court. A complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims *de novo* in federal court.

> "The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided." Coogan v. Cincinnati Bar Assoc., 431 F.2d 1209, 1211 (6th Cir. 1970).[8]

Obviously the federal cause of action is different from that brought in state court, but the doctrine of collateral estoppel "precludes relitigation of issues actually litigated and determined in the prior suit, *regardless of whether [the judgment] was based on the same cause of action as the second suit.*" Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955) (emphasis added).

■■■ The application of collateral estoppel in federal courts is no longer grounded upon the mechanical requirements of mutuality.[9] Rather, as the Supreme Court stated with regard to patent litigation in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the significant question is whether a party has had a "full and fair" opportunity for judicial resolution of the same issue. Appellants concede that they presented their "federally protected constitutional rights" to the state court and do not challenge that court's jurisdiction to decide those issues. The highest court of the state examined the constitutional contentions and held the ordinance constitutional in both procedure and effect. Having fully litigated these issues, appellants are estopped from asserting them here.

Excising all claims of constitutional deprivation from appellants' complaint, nothing that states a cause of action remains. We do not reach the question of

7. This case is therefore distinguishable from England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), where appellants sought relief from an allegedly unconstitutional state statute in the first instance in federal court. The *England* decision states that such a litigant is entitled to resolution of his federal claims in federal district court. *England* outlines the procedure to be followed to achieve this end where the district court abstains to allow judicial resolution of state issues in the state court.

8. *Accord,* Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir. 1970); Scott v. California Supreme Court, 426 F.2d 300 (9th Cir. 1970); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965); Lavasek v. White, 339 F.2d 861 (10th Cir. 1965); Borum v. American Motors Corp., 301 F.Supp. 255 (E.D.Wisc.1969); Palma v. Powers, 295 F.Supp. 924 (N.D. Ill.1969).

In arguing to the contrary, appellants rely on the statement in Trailmobile Co.

v. Whirls, 154 F.2d 866, 871 (6th Cir. 1946), rev'd on other grounds, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328 (1947) that "[t]he interpretation by the state court of the rights of a citizen under a federal statute is not binding upon the federal courts." This statement, however, was made not with reference to res judicata but to refute a contention that state judicial interpretations of federal statutes must be followed under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Sweeney v. City of Louisville, 102 F.Supp. 525 (W.D.Ky.1951), aff'd, Muir v. Louisville Park Theatrical Ass'n, 202 F.2d 275 (1953), rev'd on other grounds, 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112 (1954), the court misapplied the above statement from *Trailmobile* to a res judicata situation. Appellants' reliance on *Trailmobile* and *Sweeney* is therefore unpersuasive.

9. Nor, as this court noted in a diversity suit, do the courts of New Hampshire require mutuality of estoppel. Brown v. R. D. Werner Co., 428 F.2d 375 (1st Cir. 1970).

whether, absent estoppel, the complaint would state a cause of action under the Civil Rights Act.

Affirmed.