**Robert L. CARDILLO, Plaintiff-Appellant,**

v.

**John ZYLA, etc., et al., Defendants-Appellees.**

**No. 73–1238.**

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1973.

Decided Oct. 29, 1973.

474

Robert L. Cardillo, on brief, pro se.

William J. Deachman, U. S. Atty., on brief, for Calvin Smith, defendant-appellee.

Theodore Wadleigh and Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., on brief, for The Merchant's National Bank of Manchester, defendant-appellee.

David A. Brock, and Perkins, Douglas & Brock, Concord, N. H., on brief, for John Zyla, etc., defendant-appellee.

Before McENTEE and CAMPBELL, Circuit Judges, and KILKENNY, Senior Circuit Judge *.

PER CURIAM.

In a diversity action Cardillo seeks damages against various individuals who, he alleges, gave or induced others to give perjured testimony by reason of which Cardillo was convicted and sentenced. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, F. R.Civ.P. 12(b)(6), characterizing its allegations as "a mere rehash of the facts elicited in a criminal case against the complainant."

Cardillo was sentenced early in 1972 for violation of 18 U.S.C. § 2314 and conspiracy, in violation of 18 U.S.C. § 371. He had been found guilty, at a jury-waived trial, of collaborating in the purchase of a large quantity of watches in New York by utilizing worthless checks, and immediately thereafter selling the watches for $5500 to John Zyla in New Hampshire. The conviction was affirmed by this court (1972, unpublished) and certiorari was denied, 409 U.S. 1078, 93 S.Ct. 697, 34 L.Ed.2d 667 (1972).

Cardillo claims that the watches were sold by Cardillo's associate, Jacobsen, to Zyla for cash and a check for $5500, the latter being made payable to Cardillo, without his knowledge, as a cover, and that all witnesses who asserted the contrary had perjured themselves. A scheme whereby Zyla and Jacobsen, unknown to Cardillo, converted the check into cash by forging Cardillo's endorsement with the connivance of "John Doe", an employee of the Merchant's National Bank of Manchester, New Hampshire, is also alleged ("John Doe" and the Bank are also named defendants in the present civil action.) Finally, Cardillo alleges that Smith, a postal inspector also a defendant in the present action, engaged in a plot to suppress the truth by pressuring one Richard Lane, a private investigator hired by Cardillo, not to report accurately a conversation between Cardillo, Zyla, Jacobsen, and one Pervil at which Zyla allegedly ad-

* Of the Ninth Circuit sitting by designation.

mitted that he had lied and given to postal inspectors information falsely implicating Cardillo. Pervil, though not a defendant here, is alleged to have abetted Smith's efforts to pressure Lane.

■ We have examined the record of the antecedent criminal case to determine the issues decided by that judgment. *See* Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 572, 71 S.Ct. 408, 95 L.Ed. 534 (1951). We hold that Cardillo is collaterally estopped from relitigating the issues he seeks to raise.[1] Collateral estoppel operates, of course, only as to matters actually litigated and decided at the prior trial. See Palma v. Powers, 295 F.Supp. 924, 934 (N.D.Ill.1969), citing Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L. Ed. 195 (1876). But Cardillo's present civil claims are based on issues whose earlier determination was essential to the criminal judgment, i. e. his knowledge of and personal participation in the watch scheme. *See* 1B J. Moore, Federal Practice ¶ 0.441 [2] (1965). John Zyla and the postal inspector Smith testified extensively at the criminal trial. Zyla's sons and Jacobsen were called by Cardillo as defense witnesses.

John Zyla testified that he dealt with Cardillo, not Jacobsen, and that he gave Cardillo the $5500 check. Resolution of Zyla's credibility on these matters was essential to the court's decision in the criminal case. The court specifically found, contrary to what Cardillo maintains, that "On December 6, 1968 . . . Cardillo sold approximately 2,000 watches for $5500 to Zyla in Manchester." Jacobsen, on direct examination, substantially supported the description of events Cardillo urges in this action. Jacobsen asserted that Cardillo was not his partner, did not purchase any watches, and did not sell them or aid their sale to Zyla. He testified that he was present at the meeting with Cardillo, Zyla and Pervil when Zyla admitted that he had made up his story to appease federal officials. But the trial court found that Jacobsen's story broke down under cross-examination and was "incredible and unbelievable."

Cardillo's civil damages claims are therefore inseparable from the issues at the heart of the criminal prosecution: Zyla's and Jacobsen's credibility, the good faith of Zyla's sons and of Inspector Smith. To litigate them would inevitably be to relitigate to greater or lesser degree the nine-day criminal trial held in 1971. This Cardillo may not do while the criminal judgment remains unreversed or unvacated by the proper tribunal.[2] Edwards v. Vasel, 469 F.2d 338 (8th Cir. 1972).

■ Cardillo's civil claim is barred by collateral estoppel even though the prior adjudication was in a criminal proceeding. Emich Motors Corp. v. General Motors Corp., *supra,* 340 U.S. at 568–569, 71 S.Ct. 408, and even though it is against individuals who were not "parties" at the criminal trial. Mutuality of estoppel, once a requirement before there could be a preclusion of an issue by judgment, is no longer normally required. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); P. I. Enterprises, Inc. v. Cataldo, 457 F.2d 1012, 1015 (1st Cir. 1972). What is required is that the party against whom the plea of estoppel is asserted (Cardillo) have been a party

---

1. Technically, dismissal of a complaint on grounds of collateral estoppel should be by summary judgment, estoppel like res judicata being an affirmative defense. *See* 1B J. Moore, Federal Practice ¶ 0.408[1] (1965). There was no prejudice to appellant, however, the only extrinsic matter being the district court's records of the earlier criminal trial. The district judge who dismissed the present action also heard and decided the criminal case.

2. The matters alleged in the complaint would not appear to support a motion for new trial on grounds of newly discovered evidence. Cardillo asserts that Zyla admitted upon a date well prior to the criminal trial to fabricating his story. Discovery by Cardillo of Lane's alleged corruption by Smith could have occurred no later than at the time of the trial.

or in privity with a party to the prior adjudication. *Blonder-Tongue, supra,* 402 U.S. 323–24, 91 S.Ct. 1434 citing Justice Traynor's formulation in Bernhard v. Bank of America Nat'l Trust & Savings Ass'n, 19 Cal.2d 807, 813, 122 P.2d 892, 895 (1942). Having litigated the issue once, Cardillo may not litigate it again unless he can bring himself within the rules governing a reopening of the original criminal proceeding or collateral attack thereon.

Two of the present named defendants, "John Doe" and the Bank, took no part in the criminal trial. No sufficient claim against either, however, is stated. Assuming, as he alleges, that Cardillo had nothing to do with the sale of the watches and the receipt of the check, its negotiation with or without the connivance of "John Doe" would give Cardillo no right of action against the Bank.

Affirmed.