Gerald **MASTRACCHIO**, Petitioner,
Appellant,

v.

Lieutenant Angelo **RICCI** and Providence
Police Department, Respondents,
Appellees.

No. 74–1045.

United States Court of Appeals,
First Circuit.

Submitted May 9, 1974.

Decided June 24, 1974.

---

**1258**

Gerald Mastracchio on brief pro se.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is a civil rights suit under 42 U.S.C. § 1983 in which plaintiff seeks compensatory and punitive damages against the Providence, Rhode Island Police Department and against a then Sergeant Ricci, a member of that department, based upon the allegation that defendant Ricci committed perjury during the state court trial in which plaintiff was convicted of murder. Because plaintiff's appeal of his conviction to the Rhode Island Supreme Court "raised like issues as have been raised in the instant matter", the federal suit was stayed by the district court by agreement of counsel pending the outcome of that appeal. After the Rhode Island Supreme Court affirmed plaintiff's conviction the court below granted summary judgment for defendants sua sponte. The district court reasoned that the state judgment acted to bar the complaint by means of the operation of principles of collateral estoppel, relying upon our decision in Cardillo v. Zyla, 486 F.2d 473 (1st Cir. 1973). To the extent that plaintiff presented new evidence the court stated that, "if the plaintiff is now claiming that he has discovered new exculpatory evidence, it appears that his motion should be addressed to the State Courts by way of a motion for a new trial."

Plaintiff, who brings this appeal pro se, has raised two issues for review. First, he urges that the court below erred in requiring him to present his new evidence to the state courts before he could use it as the basis for a federal civil rights suit. He argues that this amounted to a requirement of exhaustion of remedies, and that such a requirement cannot be applied to civil rights actions. The second issue raised is whether a state criminal conviction may be used to bar a civil rights suit for damages by operation of principles of collateral estoppel. Both of these issues raise points not previously considered by this court in this precise context.

In Guerro v. Mulhearn, 498 F.2d 1249 (1st Cir.) this court held that a civil rights damage action brought during the pendency of state criminal proceedings (including appellate proceedings) must be deferred until the end of those proceedings if the validity of the state conviction would be an issue in the federal action. Although sensitive to the well-established rule, and the strong policies which it protects, that exhaustion is not required in civil rights actions, we found that considerations of federalism, the orderly administration of criminal justice, and the integrity of the writ of habeas corpus dictated the creation of an exception.

■ This case presents a somewhat different situation. No state criminal proceedings are ongoing, the direct criminal appeal having run its course. Therefore, the impact of federal proceedings upon the state judicial system, upon the administration of justice and upon the province of the Great Writ are all attenuated. But plaintiff states in his brief that he is in the process of presenting his newly discovered evidence to the Rhode Island courts. Thus, while it is possible that cases may arise in a context like this one in which the policies which call for deferral of the federal action will not be sufficiently at stake to make such deferral necessary, that is not true here. Since the prospect of further state court action is very real, and since by its very nature the purpose of this state proceeding will be to call in question the validity of the criminal conviction, the district court properly decided that the matter in issue which had not already been presented to the state courts should not be heard in federal court until the state action was completed.

The second issue raised by plaintiff concerns the collateral estoppel effect to be given to his criminal conviction. The district court rested its finding against plaintiff on this point upon Cardillo v. Zyla, 486 F.2d 473 (1st Cir. 1973). But *Cardillo* involved a federal diversity action which followed a criminal conviction. The novel question here presented is whether our holding in *Cardillo* is applicable to the situation where the federal action is brought under the Civil Rights Act.

■ The Supreme Court has never ruled on the question of the applicability of principles of res judicata and collateral estoppel[1] to actions under section 1983. In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) the majority noted that, *"res judicata* has been held to be fully applicable to a civil rights action brought under § 1983. Coogan v. Cincinnati Bar Assn., 431 F.2d 1209, 1211 (CA6 1970); Jenson v. Olson, 353 F.2d 825 (CA8 1965); Rhodes v. Meyer, 334 F.2d 709, 716 (CA8 1964); Goss v. Illinois, 312 F.2d 257 (CA7 1963)." 411 U.S. at 497, 93 S.Ct. at 1840. In dissent, Mr. Justice Brennan agreed that several lower federal courts had assumed res judicata was applicable to § 1983 actions but thought that, "in view of the purposes underlying enactment of the Act—in particular, the congressional misgivings about the ability and inclination of state courts to enforce federally protected rights . . .—that conclusion may well be in error." 411 U.S. at 509 n. 14, 93 S.Ct. at 1846 (Brennan, J., dissenting). A few courts have also expressed misgivings, most notably the Ninth Circuit in Ney v. California, 439 F.2d 1285 (9th Cir. 1971), which noted that,

"if a successful state prosecution, based upon the use of information obtained by violating the defendant's constitutional rights, could bar a civil rights action against the police for violating his rights, either by analogy to the law of malicious prosecution or on theories of *res judicata* or estoppel by judgment, the Civil Rights Act would, in many cases, be a dead letter." 439 F.2d at 1288.

This concern was echoed in Ames v. Vavreck, 356 F.Supp. 931, 940–941 (D. Minn.1973) and in Moran v. Mitchell, 354 F.Supp. 86 (E.D.Va.1973). One district court has even held that state convictions do not have a collateral estoppel effect upon section 1983 actions, Wecht v. Marsteller, 363 F.Supp. 1183, 1190 (W.D.Pa.1973).

■ Nevertheless, it now appears well established that when a civil rights action is brought in federal court which presents the same issue as was decided in a prior state civil action, that prior state judgment may have a collateral estoppel (or res judicata) effect upon the

1. The term res judicata is sometimes used generically to cover a number of related principles. More narrowly, res judicata refers to preclusion of a cause of action, while collateral estoppel refers to preclusion of an issue. *See* Palma v. Powers, 295 F.Supp. 924, 932 n. 1 (N.D.Ill.1969), 1B Moore's Federal Practice ¶ 0.401 (1974).

federal suit. Bricker v. Crane, 468 F.2d 1228, 1231 (1st Cir. 1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); P. I. Enterprises v. Cataldo, 457 F.2d 1012, 1014 (1st Cir. 1972); *see also* Garner v. Louisiana State Board of Education, 489 F.2d 91 (5th Cir. 1974); Parker v. McKeithen, 488 F.2d 553 (5th Cir. 1974); Lackawanna Police Benevolent Ass'n. v. Balen, 446 F.2d 52 (2d Cir. 1971); Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir. 1970); Coogan v. Cincinnati Bar Ass'n., 431 F.2d 1209 (6th Cir. 1970); Scott v. California Supreme Court, 426 F.2d 300 (9th Cir. 1970); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965); Lavasek v. White, 339 F.2d 861 (10th Cir. 1965); Chance v. County Bd. of School Trustees, 332 F.2d 971 (7th Cir. 1964). The same is true if the prior civil action was in federal court, Rhodes v. Meyer, 334 F.2d 709 (8th Cir.), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964). This result may be reached without regard to highly technical notions of mutuality, P. I. Enterprises v. Cataldo, *supra*, 457 F.2d at 1015.

The same principles have been applied by a number of courts to the situation where the prior judgment is a state criminal conviction, *see* Thistlethwaite v. City of New York, 497 F.2d 339 (2d Cir. 1974); Williams v. Liberty, 461 F.2d 325 (7th Cir. 1972); Metros v. United States District Court, 441 F.2d 313, 316 (10th Cir. 1971); Kauffman v. Moss, 420 F.2d 1270 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84

(1970); Shank v. Spruill, 406 F.2d 756 (5th Cir. 1969); Goss v. Illinois, 312 F. 2d 257 (7th Cir. 1963); Burchett v. Bower, 355 F.Supp. 1278 (D.Ariz.1973); Moran v. Mitchell, 354 F.Supp. 86 (E.D. Va.1973); Palma v. Powers, 295 F. Supp. 924, 937 (N.D.Ill.1969); *see also* Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); *cf.* Willard v. United States, 422 F.2d 810 (5th Cir.), cert. denied, 398 U. S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76 (1970).[2]

■■ In this circuit a holding that a state criminal conviction can have a collateral estoppel effect upon a federal civil rights action can be reached simply by analytically combining our holdings in Bricker v. Crane, *supra*, and P. I. Enterprises v. Cataldo, *supra* (civil rights action preceded by state civil judgment), with our holding in Cardillo v. Zyla, *supra* (federal diversity action preceded by criminal conviction). As shown above, this result accords with the overwhelming weight of authority. As to the scope of this collateral estoppel, we think it proper to repeat what we have said on this topic before. "Collateral estoppel operates, of course, only as to matters actually litigated and decided at the prior trial. *See* Palma v. Powers, [*supra*], citing Cromwell v. County of Sac, 94 U.S. 351, 354, 24 L.Ed. 195 (1876)." Cardillo v. Zyla, 486 F.2d 473, 475 (1st Cir. 1973). *Accord*, P. I. Enterprises v. Cataldo, 457 F.2d 1012, 1015 (1st Cir. 1972). Other courts have adopted a similar position. Williams v. Liberty, 461 F.2d 325, 327 (7th Cir. 1972); Kauffman v. Moss, 420 F.2d

2. In Moran v. Mitchell, Judge Merhige suggested the possibility of an exception to the general applicability of collateral estoppel to section 1983 actions in the situation where, because of limitations placed upon the availability of federal habeas corpus, for example, the custody requirement, a plaintiff might otherwise have no federal forum available to him in which to seek vindication of his federally protected rights.

It may also be worthwhile to note another aspect of the relationship between habeas

and res judicata/collateral estoppel. As pointed out by the Court in Fay v. Noia, 372 U.S. 391, 423, 83 S.Ct. 822, 840, 9 L. Ed.2d 837 (1963), "the familiar principle that *res judicata* is inapplicable in habeas proceedings . . . is really but an instance of the larger principle that void judgments may be collaterally impeached." Thus, once a state judgment has been found void in a federal habeas action, it should then also be void for res judicata/collateral estoppel purposes in a civil rights action.

1270 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Ames v. Vavreck, 356 F.Supp. 931, 941 (D.Minn.1973); Moran v. Mitchell, 354 F.Supp. 86 (E.D.Va.1973); *see also* Ney v. California, 439 F.2d 1285, 1288 (9th Cir. 1971); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); *cf.* Metros v. United States District Court, 441 F.2d 313, 317 (10th Cir. 1971). Indeed, Judge Stahl has written that "[r]easonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel." Kauffman v. Moss, *supra,* 420 F.2d at 1274.

In the instant case, since the antecedent action was a criminal trial, and since such trials do not result, generally, in explicit findings as to anything but the ultimate issue of guilt or innocence, the proper course in determining whether collateral estoppel principles are to operate in the federal trial is set out in Cardillo v. Zyla, *supra.* There the court "examined the record of the antecedent criminal case to determine the issues decided by that judgment". 486 F.2d at 475. Collateral estoppel was found operative because, "Cardillo's present civil claims are based on issues whose earlier determination was essential to the criminal judgment . . . ." *Id.*

The court below reasoned that, "If the alleged perjure [sic] testimony was indeed essential to a jury's finding of guilt, then the issues have been resolved against plaintiff in State Courts. If the alleged perjure [sic] testimony was not essential to his conviction below, then even if the testimony was false, plaintiff has not suffered any damages as a result thereof." We have examined the amended complaint, and can find nothing in it to indicate that infringement of any federally protected right is involved other than the right to a fair trial. Thus, while it is quite possible that cases may arise in which civil rights claims based upon actions before

or at trial would not be "issues whose earlier determination was essential to the criminal judgment", Cardillo v. Zyla, *supra,* 486 F.2d at 475, but would nevertheless be compensable,[3] that is not true here. Under these circumstances the district court's equation was correct.

Affirmed.

---

3. For example, it might be claimed that before or during trial rights of privacy, or free speech, or freedom from unlawful pretrial incarceration have been infringed, and these could constitute compensable wrongs wholly apart from the question of the constitutional validity of conviction.