**Nydia Maria DIAZ–BUXO, Plaintiff,**

v.

**Hon. Jose TRIAS MONGE, Chief Justice of the Supreme Court of Puerto Rico, et al., Defendants.**

Civ. No. 75–116.

United States District Court, Puerto Rico.

May 2, 1978.

Nydia María Díaz Buxo, Caguas, P. R., for plaintiff.

Miguel A. Giménez Muñoz, Secretary of Justice, Dept. of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

This case is before the Court upon a remand by the U.S. Court of Appeals for the First Circuit directing this Court to consider various issues and to convene a three-judge court if said issues were not found determinative of a final disposition in the present action. We were first directed to determine whether plaintiff had retaken the bar examination at issue herein so as to ascertain whether this case has become moot. To that effect, defendants filed copies of plaintiff's record before the Supreme Court of Puerto Rico in relation to her admittance to the practice of the law before said Court. Said record is devoid of any documents indicative that plaintiff has retaken the exam. On the contrary, it appears that plaintiff filed an informative writ before the Supreme Court on March 10, 1975 wherein she withdrew her application to take the exam, in view of the fact that "the case [before the federal court] would turn *moot* were she to approve the bar exam of March 1975". (translation ours) We must thus now address the second issue posed by the Circuit Court, that is, the question of *res judicata*.

Defendants have filed a motion to dismiss on the grounds of *res judicata*, contending that plaintiff had posed the same legal questions raised herein before the Supreme Court of Puerto Rico, which questions had been decided against plaintiff and had become a final decision on the merits of her case reviewable only through certiorari by the Supreme Court of the United States.

As appears from the record of this case on December 3, 1974, plaintiff filed a motion entitled "Motion for Appeal and/or Review and/or Motion Under Rule 49 of Civil Procedure" before the Supreme Court of Puerto Rico. In said motion plaintiff attacked the bar exam as "lacking objectivity" and asked for a review of her case. Through a resolution on the consolidated cases for review of the bar exam by various petitioners, the Supreme Court denied said requests for review on December 17, 1974. Plaintiff's case was numbered MC 74–57 and on December 23, 1974, Ms. Díaz Buxó filed a second motion in said case requesting a copy of her bar exam, of the answer key to the same, of the rules adopted by the Supreme Court and by the Board of Bar Examiners (the Board) in relation to said exam, and of the minutes and records of the deliberations of the Board. She further requested inspection of the exams of all other applicants.

On the same date, December 23, 1974, plaintiff filed a Motion for Reconsideration before the Supreme Court of Puerto Rico, alleging that she had passed the bar exam, attacking the validity of the same, and contending that the Supreme Court's determination against her admission to the bar lacked any basis and violated her due process and equal protection rights under the Constitution of the United States. On January 12, 1975, the Supreme Court of Puerto Rico issued a Resolution in Case No. MC–74–57, which stated in part as follows:

"To the writs dated December 23, 1974, one entitled 'Motion for Reconsideration' and the other entitled 'Motion', *no ha lugar*.[1] The mechanics in the correction of bar exams forbids the examiner to make any traces of any kind in the cor-

---

1. For a discussion on the meaning of the phrase "no ha lugar", see *infra*.

rected notebook, so that the following examiner in cases of recorrection will not have any indication of the evaluation effected by the first examiner. For such a reason, no practical ends would be achieved by permitting the aspirant to examine said notebooks after the same have been corrected."

(translation and emphasis ours)

## II

The doctrine of *res judicata*, although differentiated by some courts from collateral estoppel, has been stated to include this last doctrine within its scope. The Supreme Court of the United States stated in *Lawlor v. National Screen Service*, 349 U.S. 322 at 326, 75 S.Ct. 865 at 867, 99 L.Ed. 1122 that

"[c]ollateral estoppel . . . precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit."

Thus, as stated in *Mastracchio v. Ricci*, 498 F.2d 1257 (1 Cir., 1974):

"The term res judicata is sometimes used generically to cover a number of related principles. More narrowly, res judicata refers to preclusion of a cause of action, while collateral estoppel refers to preclusion of an issue."

(Id., 498 F.2d at 1259)

The application of the narrow definition of the doctrine of *res judicata* to the instant case would pose the basic problems of identity of the parties and mutuality. This is so because plaintiff's claims before the Supreme Court of Puerto Rico were classified and treated as an *ex parte* action wherein the Supreme Court did not act as a party. The Supreme Court has been sued as a party herein. However, identity of the parties and mutuality of estoppel are no longer required in applying collateral estoppel. "What is required is that the party against whom the plea is asserted . . . have been a party or in privity with a party to the prior adjudication". *Cardillo v. Zyla*, 486 F.2d 473, 475–76 (1 Cir., 1973). As stated in *P. I. Enterprises v. Cataldo*, 457 F.2d 1012 (1 Cir., 1972):

"[T]he significant question is whether a party has had a 'full and fair' opportunity for judicial resolution of the same issue." (457 F.2d at 1015)

In ascertaining whether the requisites of "issue preclusion" are present in the instant case, we must determine whether the issues presented herein have been the object of adjudication on the merits in the state action, and whether plaintiff had a "full and fair" opportunity for the resolution of such issues therein.

Plaintiff's assault on the procedures related to admission to the bar are grounded on the Due Process and Equal Protection Clauses of the Constitution of the United States. She attacks the objectivity of the bar exam, the lack of reviewing procedures, and the lack of access to the criteria and evaluation effected on the same. As noted above, all these issues were expressly presented by plaintiff before the Supreme Court of Puerto Rico through various motions in case MC–74–57. This includes the presentation of the substantive federal claims in plaintiff's "Motion" and "Motion for Reconsideration" of December 23, 1974 wherein she alleged in part:

"That the Supreme Court's determination related to petitioner, of not admitting her to the exercise of the law lacks basis and violates her right to due process and to the equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States of America; because the rules for grading for approval are arbitrary and because the procedure of designing and correcting the exam is arbitrary itself". (Plaintiff's Motion for Reconsideration of December 23, 1974 before the Supreme Court of Puerto Rico, Par. 5)

We must thus conclude that the issues presented by plaintiff in the instant Section 1983 action are virtually identical to those advanced before the Supreme Court of Puerto Rico.

The local Supreme Court responded to plaintiff's aforementioned arguments, in-

cluding the aforecited paragraph, with a "no ha lugar", stating additionally that, regarding the requests for examination of the notebooks, no purpose would be served by allowing plaintiff to see the same. Plaintiff contends that the phrase "no ha lugar" implies that four members of the Supreme Court did not choose to review her motions, and her case was thus not heard on the merits.

 We disagree. The sacramental connotations of the phrase "no ha lugar" as an administrative disposition of a case are proper only in the context of a writ of certiorari. See, e. g. *Suárez v. Administrador del Deporte Hípico*, D.C., 354 F.Supp. 320 (1972). However, "no ha lugar" in the context of a motion for reconsideration is clearly a consideration of the merits of said motion. Although there is no discussion on the definition of a "no ha lugar" related to motions for reconsideration in Puerto Rican case law, the common practice of the Puerto Rican Supreme Court so dictates. Thus, "no ha lugar" to a motion for reconsideration is no different from a "reconsideration denied". This becomes more apparent in the instant case when we notice that in the Supreme Court's resolution of February 12, 1975, the "no ha lugar" was accompanied with an explicit consideration of some of the arguments propounded by plaintiff in her motion. The Supreme Court thus explained the futility of granting plaintiff's requests to examine the examination notebooks, as the same would not have any markings. To conclude that a "no ha lugar" in the context of a motion for reconsideration is the same as in a denial of certiorari would certainly be inconsistent with the practical and historic understanding of the operation of the Supreme Court of Puerto Rico. We must thus hold that plaintiff's federal claims were addressed on the merits by the local Supreme Court. Her attack on the constitutionality of bar admission procedures, if found meritorious, could have resulted in an appropriate judgment by the Supreme Court of Puerto Rico. As is well known,

"[S]tate courts have jurisdiction to decide federal issues except in areas where federal courts have been granted exclusive jurisdiction."

(*P. I. Enterprises, Inc. v. Cataldo*, 457 F.2d 1012, 1014 (1972)

We see no reason why plaintiff's claim could not have been disposed in her favor, had the local Court considered it tenable. She was thus afforded an opportunity to be heard and a "full and fair opportunity" for the resolution of the issues presented. Consequently, we have no choice but to hold that plaintiff is estopped from re-litigating the same issues before this Court.

In view of the above, the instant case is hereby dismissed as *res judicata*.

Judgment shall be entered accordingly.