**Richard NASH**

v.

**Clement G. REEDEL, Frank R. Ferlick, Ronald Fonock, John L. Deegan, Robert Piermatteo, John H. Brennan, John Helebush, Kenneth Suydam, Mrs. Elizabeth Delaney, Ms. Sharon Pittack.**

**Civ. A. No. 79–3494.**

United States District Court,
E. D. Pennsylvania.

Jan. 29, 1980.

See also D.C., 86 F.R.D. 12.

Richard Nash, pro se.

George Dale, Philadelphia, Pa., for defendants.

1. Nash also named as defendants the two victims of his assaults. I granted defendant Elizabeth Delaney's Motion to Dismiss the complaint against her in an opinion dated Novem-

## OPINION

LUONGO, District Judge.

Plaintiff in this civil rights action is serving a sentence of imprisonment after being convicted of attempted involuntary deviate sexual intercourse. The remaining defendants at this stage in the case are all members of the Upper Merion Township Police Department.[1] Nash seeks compensatory and punitive damages under 42 U.S.C. § 1983 for the deprivation of his constitutional rights. Specifically, Nash contends that the defendants arrested him without probable cause, failed to inform him of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), denied him his right to communicate with counsel after his arrest, forced him to sign false confessions, and knowingly used perjured testimony to secure his conviction. Defendants move to dismiss the complaint on the ground, *inter alia,* that it is barred by the doctrine of collateral estoppel. Since matters outside the pleadings have been presented, I will treat the motion as one for summary judgment under Rule 12(b)(6), F.R.Civ.P.

With respect to Nash's claims that the defendants denied him his rights while in custody after his arrest, the defendants argue that Nash is estopped because he raised these claims in a motion to suppress evidence at his state criminal trial, and the court there denied the motion. With respect to Nash's claim that the defendants knowingly employed perjured testimony to convict him, the defendants argue that since it was necessary for Nash's conviction that the factfinder at his state criminal trial accept the testimony of these witnesses as true, the guilty verdict in that case effectively settled the issue of whether the defendants employed perjured testimony.

"The generally accepted rule is that, because a defendant is surrounded by greater safeguards in criminal rather than civil litigation, and the standard of proof to

ber 28, 1979. After receiving a copy of this opinion, Nash wrote to the court and agreed to a voluntary dismissal of the complaint against the victim of his other assault, Sharon Pittack.

which the complainant is held is higher, judgment of conviction is conclusive in civil litigation between the same parties as to issues that were litigated and adjudicated in the criminal prosecution." Moore, 1B Federal Practice ¶ 0.418[1], p. 2703 (1974). In this circuit, "[t]he standard for determining if litigation of a question in a civil suit is barred by a prior criminal trial is whether the question was 'distinctly put in issue and directly determined in the criminal prosecution. * * *' " *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970) (per Stahl, J., with one judge concurring in the result). *See United States v. Accardo*, 113 F.Supp. 783 (D.N.J.), *affirmed*, 208 F.2d 632 (3d Cir. 1953), *cert. denied*, 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098 (1954).[2]

Assuming then as a general matter that collateral estoppel may be invoked as a defense to a § 1983 action where the plaintiff has been found guilty of criminal charges involving the same set of facts, the question is whether Nash is estopped on the facts of this case. In *Scooper-Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir. 1974), the court ruled that three requirements must be met in order to invoke collateral estoppel:

(a) [t]he issue decided in the prior litigation must be identical with the issue presented in the action in question;

(b) [t]he prior litigation must have resulted in a final judgment on the merits; and

(c) [t]he party against whom the estoppel is asserted must have been a party, or in privity with a party, to the prior adjudication.

In the instant case the latter two requirements are plainly met: Nash was a party to the prior litigation, and his conviction constitutes a final judgment against him, notwithstanding the pending appeal of that conviction. *Nixon v. Richey*, 168 U.S.App. D.C. 172, 180, 513 F.2d 430, 438 (D.C.Cir. 1975); *Grantham v. McGraw-Edison Company*, 444 F.2d 210, 217 (7th Cir. 1971). Thus, the only remaining question is whether the issues presented in this suit are "identical" to the ones presented in the underlying criminal case. In order to make this determination, I have examined the record of the state court proceedings. *Kauffman v. Moss, supra,* 420 F.2d at 1274–75.

In the state criminal proceedings, Nash raised the same contentions he raises here regarding the denial of his constitutional rights when arrested and while in custody after his arrest. The state court held an evidentiary hearing on Nash's claims. Nash testified, as did four of the officers who are defendants here. The officers were cross-examined by Nash's counsel. The court found that there was probable cause for Nash's arrest, that Nash had been informed of his rights in accordance with *Miranda v. Arizona, supra,* (and in fact had signed three separate forms acknowledging his rights), that Nash had refused the opportunity to call his lawyer, and that the police did nothing to threaten Nash or overbear his will in eliciting a statement from him. Proceedings before the Honorable Robert W. Honeyman, Court of Common Pleas, Montgomery County, Pennsylvania, March 13, 1979, N.T. p. 216. The state court judge noted that Nash was an "obviously mature and sophisticated, intelligent man of thirty-nine," who was unlikely to be intimidated by the police, and found that his testimony about police misconduct lacked credibility. *Id.*

Because a review of the record of the state court proceedings reveals that the court there fully considered the exact same contentions that Nash raises here, I conclude that Nash is collaterally estopped in the instant case from pressing his claims that the defendant police officers illegally arrested him and denied him his rights after his arrest.

With respect to Nash's contention that the defendants employed perjured testimony to secure his conviction, I hold that he is similarly estopped. The case was tried to

2. In *Accardo,* the underlying judgment of conviction was the product of a guilty plea, rather than a trial.

the court without a jury. The sole testimony directly linking Nash with his two victims was that of the victims themselves. To sustain conviction, it was necessary for the court to accept the testimony of these witnesses as true. Thus, the question of whether the witnesses perjured themselves was effectively settled by Nash's conviction, and he is estopped from raising it here. *Mastracchio v. Ricci*, 498 F.2d 1257 (1st Cir. 1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838; *Cardillo v. Zyla*, 486 F.2d 473 (1st Cir. 1973).

The motion to dismiss the complaint against all remaining defendants, treated as a motion for summary judgment under Rule 12(b)(6), will be granted.