**In re Jamie MORETTI, Debtor.**

**Sharon M. Osenkowski, Plaintiff,**

v.

**Jamie Moretti, Defendant.**

**Bankruptcy No. 01–11112.
Adversary No. 01–1073.**

United States Bankruptcy Court,
D. Rhode Island.

May 22, 2002.

Peter G. Berman, Esq., Raskin & Berman, Providence, RI, for Debtor/Defendant.

George J. Bauerle, III, Esq., Reilly, Oliver & Olsen, Ltd., Wickford, RI, for Plaintiff.

### DECISION DENYING AND DISMISSING COMPLAINT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Plaintiff's Complaint to determine that her debt in the amount of $4,100 is nondischargeable, under 11 U.S.C. § 523(a)(10). After a non-evidentiary (at the election of the parties) hearing, the matter was submitted on briefs. For the reasons discussed below, the Complaint is DENIED and DISMISSED.

### BACKGROUND

The facts giving rise to this lawsuit stem from the Debtor's first Chapter 7 bankruptcy filing in October 1994. That was a garden variety no asset case wherein the Debtor, a realtor and contractor, received a discharge and saw his case closed on January 5, 1996.

On January 14, 2000, the Debtor moved to reopen the bankruptcy case to add certain creditors not scheduled in the 1994 filing. The motion to reopen was granted, and the Debtor moved to amend the sched-

ule of creditors holding unsecured claims, seeking *inter alia* to include Sharon Osenkowski as a creditor. Osenkowski objected, arguing that the Debtor's strategy was intentional, and done in bad faith. Osenkowski's claim was based on poor workmanship by the Debtor in constructing her home, and while unaware of the bankruptcy filing, had sued the Debtor in December 1994, in state court. She incurred significant legal fees pursuing her state court claim, due to the Debtor's belated disclosure of his bankruptcy filing. After a hearing on the Debtor's motion to amend schedules, the motion was granted but conditioned on the Debtor paying the fees and expenses incurred by Osenkowski in the state court litigation. The Debtor declined to pay any fees, and appealed the conditional order to the First Circuit BAP, which affirmed my order in *Moretti v. Bergeron (In re Moretti)*, 260 B.R. 602 (1st Cir. BAP 2001). On March 26, 2001, Jamie Moretti filed a second Chapter 7 case, listing Osenkowski as an unsecured creditor.[1] On June 22, 2001, Osenkowski timely filed a complaint to determine the dischargeability of her debt, citing Section 523(a)(10) as the sole statutory basis.

Osenkowski argues that the order denying the Debtor's Motion to Amend[2] in the prior Chapter 7 case is *res judicata* as to the dischargeability of her claim in the instant case. The Debtor argues that the motion to add Osenkowski as a creditor in the prior proceeding has no bearing on the dischargeability of her debt, because the issue of dischargeability was never litigated, and that therefore, *res judicata* is not applicable.

## *DISCUSSION*

Section 523(a)(10) states a discharge will not discharge an individual debtor from a debt:

> that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.

11 U.S.C. § 523(a)(10). Osenkowski's only argument under this section is that the denial of the motion seeking to include her as a creditor in the prior proceeding is *res judicata* of the dischargeability of her claim in this proceeding. That position is untenable, because the dischargeability of Osenkowski's debt was not determined in Moretti's prior bankruptcy, nor was it ever adjudicated in any other court.[3] Therefore, the principles of *res judicata* are inapplicable. *See Blasbalg v. Tarro (In re Hyperion Enters., Inc.)*, 149 B.R. 281, 282 (Bankr.D.R.I.1993).

Osenkowski does not argue that the Debtor formally waved his discharge under Section 727(a)(10), or that he was denied a discharge in the prior bankruptcy—either of which would be necessary to bring this matter within the purview of Section 523(a)(10). Rather, it appears that Osenkowski is still laboring under the same misconception that she exhibited be-

---

**1.** Because the Debtor's prior Chapter 7 cases was filed more than six years prior to the instant Chapter 7 petition, Section 727(a)(8) is not implicated and the Debtor is entitled to another discharge in this proceeding.

**2.** Although the motion to amend was labeled "granted", the Debtor never fulfilled the condition of paying Osenkowski's legal fees, so

the relief sought by the Debtor was, for practical purposes, denied.

**3.** I listened to the recorded arguments at the hearing on the motion to add creditors in the prior bankruptcy, and neither Osenkowski nor the Debtor sought a determination of the dischargeability of this debt.

fore the BAP, i.e., that discharge is somehow related to the amendment of schedules. The BAP made clear in its decision that one has nothing to do with the other, stating:

> The Debtor neither filed a complaint for a determination of dischargeability in the bankruptcy court nor sought leave of that court to file such a complaint; and the bankruptcy judge made no ruling on the dischargeability of the debts at issue, under 523(a)(3) or any other basis. Moreover, as the Debtor himself correctly points out, the late scheduling of these debts, if permitted, would have no effect on their dischargeability.
>
> . . .
>
> . . .
>
> Therefore, if the late scheduling of this debt were to send a message to state courts and the creditor herself that the debt is within the scope of the discharge, it would do so as a result of a misunderstanding of the law: the erroneous belief that the late listing of a debt brings it within the scope of the discharge. Unfortunately, many debtors, creditors, and even attorneys do so misunderstand the law . . . ; perhaps because the law (on the dischargeability of unlisted debts) is somewhat counterintuitive, this general misunderstanding of the law seems well entrenched.

*Moretti*, 260 B.R. at 609, 612 (footnotes omitted).

Because Osenkowski has not met her burden of establishing that the debt in question is nondischargeable under Section 523(a)(10), or that *res judicata* applies to this matter, her Complaint is DENIED and DISMISSED.

Enter judgment consistent with this Decision.