**Arleen R. PARDO HERNANDEZ, et al., Plaintiffs,**

**v.**

**CITIBANK, N.A., et al., Defendants.**

**CIV. Nos. 00–1442 JP, 00–2399 GG.**

United States District Court, D. Puerto Rico.

May 17, 2001.

Rafael G. Martinez–Geigel, San Juan, PR, for Plaintiff.

Pedro J. Manzano–Yates, Fiddler, Gonzalez & Rodriguez, San Juan, Carlos F. Lopez–Lopez, Santurce, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendants Citibank, N.A. and Patrick and Barbara Fitzgerald's Motion for Partial Summary Judgment (**docket No. 33**), and Plaintiffs' Opposition thereto (docket No. 38). Plaintiffs Arleen Pardo Hernández ("Pardo"), her husband Raúl E. Rodríguez Rosado, the conjugal partnership constituted between them, and her son, Gustavo E. Bauer Pardo, brought this action in diversity against Defendants for defamation, P.R. Laws Ann., tit. 32, § 3143; breach of contract; and unjust dismissal under Puerto Rico Law No. 80, P.R. Laws Ann., tit. 29, §§ 185a–185m. Plaintiffs claim that Citibank unjustly dismissed Co-plaintiff Pardo from her secretarial job, failed to follow its own disciplinary procedures prior to her termination, and that Co-defendant Patrick Fitzgerald then defamed her by maliciously communicating to third parties that Pardo had been dismissed for falsifying Citibank documents. Defendants move for partial summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs are unable to establish a prima facie case of defamation, and that no breach of contract claim exists because the employee handbook does not provide a cause of action independent of Law No. 80's protection against unjust dismissal.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). The function of summary judgment is "to pierce the boilerplate of the pleadings and

examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.,* 976 F.2d 791, 794 (1st Cir.1992)). It allows courts and litigants to avoid going to trial in cases where the plaintiff cannot prevail, thus conserving the parties' time and money and saving scarce judicial resources. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To defeat a motion for summary judgment, "the nonmoving party must demonstrate the existence of a trial-worthy issue as to some material fact." *Cortes Irizarry v. Corporacion Insular De Seguros,* 111 F.3d 184, 187 (1st Cir.1997); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Pagano,* 983 F.2d at 347. A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Mack v. Great Atl. & Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). A material issue is trial-worthy if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Boston Athletic Ass'n v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). The non-movant may not rest upon mere allegations or denials of the pleadings, but rather must come forward with admissible evidence. *See* Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts.") It is with this standard in mind that the Court addresses the motion before it.

## III. STATEMENT OF UNCONTESTED FACTS

1. Arleen Pardo began employment with Co-defendant Citibank, N.A. on February 19, 1992 as a Secretary IV in the Global Group.

2. In December 1996, Pardo transferred to Citibank's Consumer Banking/Marketing Unit.

3. In early 1999, Citibank assigned Co-defendant Patrick Fitzgerald ("Fitzgerald") to work in Puerto Rico as an International Staff Employee, with a title of Senior Vice President of Sales—Caribbean.

4. Upon Fitzgerald's arrival at Citibank in Puerto Rico, Pardo was assigned to work for him as his Executive Assistant. As part of her duties, she provided support to other members of Fitzgerald's staff.

5. On January 14, 2000, Citibank dismissed Pardo.

6. Citibank officials told Pardo that she was being dismissed for altering Citibank documents.

7. Since January 31, 2000, Pardo has been under the care and treatment of Dr. Vivian Charneco Llabrés, a psychiatrist.

8. Following her termination from Citibank, Pardo was employed by The Clorox Commercial Company as a Market Research Administrative Assistant. She resigned from that position on May 31, 2000.

9. In September 2000, Pardo obtained employment with Néstor Reyes, Inc.,

Customs Brokers. On her first day of work there, Pardo volunteered to the company's President, Edmundo Rodríguez, that she had been terminated from Citibank for having allegedly altered company documents, but denied the veracity of those allegations.

10. Citibank's Employee Policy Manual states that "[i]ts purpose is to serve as an orientation and does not constitute a contract."

11. Patrick Fitzgerald resigned from Citibank effective January 17, 2000.

## IV. DISCUSSION

### A. Defamation Claim

■ In Puerto Rico, slander is defined as "a false and unprivileged publication other than libel, which ... tends directly to injure [a person] in respect to his office, profession, trade or business, or which by natural consequences causes actual damages." P.R. Laws Ann. tit. 32, § 3143. To establish a cause of action for defamation, a private individual must prove that a false and defamatory statement was made negligently to a third party, and that the plaintiff suffered real damages as a result. *See Ojeda v. El Vocero de Puerto Rico*, 137 D.P.R. 315, 328 (Puerto Rico 1994); *Porto v. Bentley Puerto Rico, Inc.*, 132 D.P.R. 331 (Puerto Rico 1992); *see also Torres Silva v. El Mundo, Inc.*, 106 D.P.R. 415, 427 (Puerto Rico 1977).

Defendants maintain that Plaintiffs lack admissible evidence to establish the publication of an allegedly defamatory statement. In ruling on a summary judgment motion, the Court may not consider inadmissible evidence. *See Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir.1993); *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 16–17 (1st Cir.1986). Alternatively, assuming the publication of a defamatory statement, Defendants argue that Plaintiffs' evidence fails to demonstrate that Pardo suffered real damages due to the publication. Plaintiffs counter that although the evidence of publication consists of statements made by declarants other than those testifying, because such statements are not offered for the truth of the matter asserted therein, they do not constitute hearsay. Further, Plaintiffs contend that the sworn statement of Pardo's treating psychiatrist creates a genuine issue of fact as to whether Pardo suffered real damages as a result of the alleged publication of defamatory material, sufficient to defeat summary judgment.

■ In the Complaint, Plaintiffs allege that Patrick Fitzgerald made defamatory statements about Pardo, and that such statements were made to at least six Citibank employees. In her deposition, Pardo testified that Angel Fernández, Lillian Colón, Patricia Amjad, and Jenny Texidor all heard that Pardo had been dismissed for falsifying documents. Pardo testified that Fernández and Colón told her that Fitzgerald had "spread the rumor" of the reason for Pardo's dismissal, but Pardo neglects to give the particulars concerning from whom Fernández and Colón learned of the contents of the alleged defamatory statement. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Here, Pardo seeks to testify that one person ("C") told Pardo that an unidentified person ("B") told "C" that Fitzgerald ("A") made a defamatory statement about Pardo. Pardo offers this testimony in an effort to prove that "A" did, in fact, make the defamatory statement. This is inadmissible hearsay; Pardo has no personal knowledge as to whether the defamatory statement was made and cannot be cross-examined with respect thereto. *See John and Vin-*

cent *Arduini Inc. v. NYNEX*, 129 F.Supp.2d 162, 173 (N.D.N.Y.2001); *GMO Rice v. Hilton Hotel Corp.*, Civ. A. No. 85–1470, 1987 WL 16851, *1–2 (D.D.C. Sept.1, 1987). In fact, Pardo's testimony contains more than one layer of hearsay, thereby magnifying its unreliability. This proves particularly so where, as here, person "B" is not even identified by Fernández or Colón according to Pardo's testimony.[1] *See* Fed.R.Evid. 403; *see also Boren v. Sable*, 887 F.2d 1032, 1036 (10th Cir.1989) ("[W]ith every increased level of hearsay there is a corresponding decrease in reliability. Every level of hearsay provides another possibility that the facts were inaccurately reported by the declarant, either intentionally or unintentionally, or misunderstood by the person to whom the statement was made.").

In the case of Amjud, Pardo's testimony is simply that Amjud told her that she had heard that Pardo was dismissed for falsifying documents. This evidence is also inadmissible hearsay, and inherently unreliable because it fails to identify from whom Amjud "heard" the allegedly defamatory statement. *See* Fed.R.Evid. 801(c); 403.

In an attempt to bolster their case, Plaintiffs submit the sworn statement of Jenny Texidor, in which she states that Maité Sotomayor, a Citibank employee, told Texidor that it was Sotomayor's belief that Pardo was terminated for falsifying documents. (Plf's Exh. D). Although such testimony is not barred under the hearsay rule, if offered to prove that *Sotomayor* made that statement to Texidor, it suffers from a fatal flaw. The statement of Sotomayor fails to substantiate the allegations in the Complaint that it was *Fitz-gerald* who defamed Pardo (Compl.¶¶ 42, 44). Although Plaintiffs make reference to unnamed Co-defendants A, B, and C, in paragraph 45 of the Complaint, who are alleged to have aided Fitzgerald in the publication and dissemination of the stated reason for Pardo's dismissal, Plaintiffs never amended the Complaint to add these individuals, if they exist, as additional Co-defendants. As a result, Texidor's statement is insufficient to create a genuine issue of material fact as to whether Fitzgerald defamed Pardo.

Finally, the Court rejects Plaintiffs' attempt to survive summary judgment by relying on Pardo's sworn statement that "I have personal knowledge of false and defamatory information about my termination from Citibank, published by Citibank employees." (Plf's Exh. A). To begin, Pardo's deposition testimony, discussed at length above, belies this statement. But more importantly, as the U.S. Supreme Court observed in *Celotex*, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Here, Plaintiffs bear the burden of proving that Fitzgerald made a defamatory statement concerning Pardo. Pardo's sworn statement, however, fails to show the existence of a genuine issue of material fact, because it contains no actual "facts" upon which a reasonable factfinder could base a verdict for Plaintiffs. *See Ayala–Gerena v. Bristol Myers–*

---

1. The same is true with respect to Pardo's testimony that Fitzgerald made defamatory statements about Pardo to Ivelisse Hernández and Domingo Alicea. Upon further questioning, Pardo admitted not only that she had no personal knowledge that such was the case, but also that she was speculating that Fitzgerald had told them. (Pardo Depo., Def.'s Exh. VI at 168–69).

*Squibb Co.,* 95 F.3d 86, 94 (1st Cir.1996). In such a situation, as explained by the Supreme Court, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," thus entitling the moving party to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552.

Accordingly, the Court finds that no genuine issue of fact exists as to whether Co-defendant Fitzgerald made a defamatory statement concerning Pardo. Because the making of a defamatory statement constitutes an essential element of Plaintiffs' cause of action for defamation, the entry of summary judgment dismissing this claim is warranted. *See Antilles Carpet, Inc. v. Milliken Design Ctr.,* 26 F.Supp.2d 345, 349–50 (D.Puerto Rico 1998) (Pieras, J.). In light of this disposition, the Court will not address Defendants' alternate grounds for dismissal, that Pardo failed to show a nexus between the publication of a defamatory statement and Pardo's alleged damages.

### B. Breach of Contract Claim

■ Plaintiffs also bring a claim for breach of contract, on the grounds that Citibank failed to follow its own employment policy, as stated in the Citibank Employee Policy Manual, before discharging Pardo. Defendants move for dismissal of this claim, pointing out that it is uncontested that the Employee Policy Manual itself states that "[i]ts purpose is to serve as an orientation and does not constitute a contract." Plaintiffs offer no evidence in response, but argue that the entry of summary judgment is foreclosed by *Santiago v. Kodak Caribbean, Ltd.,* 129 D.P.R. 763 (Puerto Rico 1992).

Plaintiffs maintain that in *Santiago,* the Puerto Rico Supreme Court ruled that an employment manual constituted an inte-

gral part of the contract between an employee and employer, and that breach of the same was actionable by the employee. *See Santiago,* 129 D.P.R. at 775–76. This characterization is only partially correct. In *Santiago,* the Puerto Rico Supreme Court did not hold that the employee manual provided an *independent* cause of action other than that provided for by Puerto Rico Law No. 80. Rather, it found that the provisions of the employee manual were relevant to the determination of whether the employee's dismissal was for just cause under Law No. 80. *See id.* at 776. Thus, it held that the benefits and privileges set forth in an employee manual "constitute rights of the employee and a dismissal in violation of these [ ] would result in an unjust dismissal." *Id.* Because the terms of the employee manual create no independent cause of action, Plaintiffs' exclusive remedy for breach of the employee manual rests within the confines of Law No. 80. *See id.;* P.R. Laws Ann. tit. 29, §§ 185a–185m.

## V. CONCLUSION

In view of the foregoing discussion, the Court hereby **GRANTS** Defendants' Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**