Basilio **RIVERA RODRIGUEZ,** et als., Plaintiffs,

v.

**FIRST BANK PUERTO RICO,** et als., Defendants.

**No. CIV. 98–1387(DRD).**

United States District Court, D. Puerto Rico.

Feb. 8, 2002.

---

4.   U.S. CONST. amends. XIII, XIV, XV.

Glenn Carl James-Hernandez, Guaynabo, PR, plaintiffs.

Ivan M. Fernandez, San Juan, PR, Nelson Biaggi-Garcia, Carlos S. Latimer, Biaggi, Rachid & Godreau, San Juan, PR, for First Bank Puerto Rico, defendant.

Francisco J. Colon-Pagan, Colon, Colon & Martinez, San Juan, PR, for Ranger American of Puerto Rico, Inc., defendant.

Ivan M. Fernandez, San Juan, PR, for Carmelo Ayala-Maldonado, defendant.

Jose A. Pagan-Nieves, San Juan, PR, for Juan F. Bravo-Fernandez, Luisa P. Nahul-Zambrana, Conjugal Partnership Bravo-Nahul, defendants.

Ivan M. Fernandez, San Juan, PR, Eugenio L. Santoni, Jimenez & Santoni, San Juan, PR, for Universal Ins. of Puerto Rico, defendant.

Luis G. Martinez-Llorens, Colon, Colon & Martinez, San Juan, PR, for Cigna Ins. Co., defendant.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

There are various Summary Judgment motions pending, filed by First Bank of Puerto Rico and other Co–Defendants, as well as the respective oppositions thereto.[1] For the reasons stated below, Defendants' motion for summary judgment (Docket No. 78), as well as the other Co–Defendants' motions, are **DENIED WITHOUT PREJUDICE.**

1. Pending before the Court is Defendants First Bank Puerto Rico and Carmelo Ayala Vazquez' Motion for Summary Judgment, filed on April 18, 2001. (Docket No. 78). Plaintiffs filed their opposition on June 8, 2001 (*Id.*, at Exh.2), and Defendants replied thereinafter (*Id.*, at Exh.3). Universal Insurance Company, Juan Bravo, Luisa P. Nahul, who are also Defendants in this case, adopted by reference First Bank Puerto Rico and Carmelo Ayala Vazquez Motion to Reply to Plaintiffs' Opposition. (Docket Nos. 58, 62 & 70). Defendants Ranger American of Puerto Rico, Inc., and Ace Insurance Company submitted their own Motion for Summary Judgment also adopting by reference First Bank of Puerto Rico and Carmelo Ayala Vazquez' Motion for Summary Judgment. (Docket No. 72). Plaintiffs opposed Ranger American and Universal Insurance Company's respective motions for summary judgment, on August 30, 2001. (Docket Nos. 74 & 75).

## I

### FACTUAL BACKGROUND

Plaintiffs have sued for damages in diversity jurisdiction claiming Defendants defamed them by stating they were "involved and/or worked in the narco-traffic and/or money laundering business when it was not true." (Docket No. 1). Furthermore, they proffer these defamatory statements were "negligently, intentionally, maliciously and/or recklessly" published, damaging Plaintiffs' reputations and causing emotional harm. (Docket No. 39). The Court must note from the outset, however, that in a related criminal case, a jury found Plaintiff Basilio Rivera Rodriguez guilty of conspiracy to commit money laundering with money received from drug sales. (Docket No. 78, Indictment pg. 5). The determination of guilt is, however, not final. The relevant inquiry at this stage of summary judgment is whether the facts, as presented in the light most favorable to the nonmoving party, present a triable issue of law. *Perez v. Volvo Car Corporation,* 247 F.3d 303, 310 (1st Cir.2001); *Grant's Dairy–Maine, LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res.,* 232 F.3d 8, 14 (1st Cir.2000); *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997). That is the focus of this order.

## II

### STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment has been revisited by the First Circuit Court of Appeals on several occasions. *Serapion v. Martinez,* 119 F.3d 982, 986 (1st Cir.1997), *citing McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995)(collecting cases); *Coyne v. Taber Partners I,* 53 F.3d 454, 457 (1st Cir. 1995)(same). A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. *Perez v. Volvo Car Corporation,* 247 F.3d 303, 310 (1st Cir.2001); *Grant's Dairy–Maine, LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res.,* 232 F.3d 8, 14 (1st Cir.2000); *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997). A fact is "material" if it potentially could affect the suit's outcome. *Cortes–Irizarry, supra,* at 187. An issue concerning such a fact is "genuine" if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor. *Id.*

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the nonmovant and indulges all reasonable inferences in the party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment". *See Cadle Company v. Hayes,* 116 F.3d 957, 959–60 (1st Cir.1997).

The summary judgment machinery operates in two phases. First, the movant must make a preliminary showing that there is no genuine issue of material fact which requires resolution in the crucible of trial. Once this showing has been made, the burden shifts to the nonmovant to

demonstrate, through specific facts, that a trialworthy issue remains. *Id.*

In applying the standard, the court must construe the record and all reasonable inferences from it in favor of the nonmovant (the party opposing the summary judgment motion). *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir.2000); *Cortes–Irizarry, supra,* at 187; *see also United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). An absence of evidence on a critical issue weighs against the party—be it the movant or the nonmovant—who would bear the burden of proof on that issue at trial. *Perez, supra,* at 310; *see also Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 35–36 (1st Cir.1998); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir. 1990). Defendants must not only show that there is "no genuine issue of fact," but also that they are "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Telephone Co.,* 110 F.3d 174, 178 (1st Cir.1997).

FED.R.CIV.P. 56 does not ask which party's evidence is more plentiful, or better credentialed, or stronger weighted, because at the summary judgment stage, the Court may not weigh the evidence. *Cortez–Irizarry, supra,* at 187; *see also Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)). Further issues of motive and intent as to the conduct of any party nor-mally foreclose summary judgment. *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 677 (1st Cir.1996)(reversing summary judgment and noting that "determinations of motive and intent ... are questions better suited for the jury")(internal quotation marks and citation omitted); *see also Tew v. Chase Manhattan Bank, N.A.,* 728 F.Supp. 1551, 1555 (S.D.Fla.1990)("Certain issues such as fraud, intent and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.' ")

## III

## ANALYSIS

■ Because this case was filed in diversity jurisdiction, the Court must analyze local defamation law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court adds that since a potential constitutional issue under the First Amendment may be present, local law shall be followed insofar as it does not violate federal law. It is well established that libel falls within the purview of the First Amendment and is not merely a matter of state law. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). And although issues of this nature require a case to case analysis, if a state libel law is inconsistent with the constitutional provisions, it shall be declared unconstitutional. *Ashton v. Kentucky,* 384 U.S. 195, 198, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966)(Kentucky's criminal libel law held inconsistent with First Amendment).[2]

2. In *Ojeda v. El Vocero de Puerto Rico,* 137 P.R. Offic. Trans. ——, 1994 WL 909645, October 26, 1994, 94 J.T.S. 131, p. 332, the Supreme Court of Puerto Rico stated that "Puerto Rico has the power to establish its own liability standards in defamation cases as long as strict liability is not imposed or the content of the First Amendment of the United States Constitution is not abri[d]ged." Additionally, the Court in *Ojeda* stated that Puerto

Puerto Rican law requires that a plaintiff bringing forth a claim for defamation "prove: (1) **that the information is false,** (2) that plaintiff suffered real damages, and (3) in the case of a private figure plaintiff, that the publication was negligent." [3] Following the requirements for summary judgment, the Court must construe the record in the light most favorable to the non-moving party, that is, Plaintiffs. *Suarez*, 229 F.3d at 53.

From the outset in this case, the Court will assume, for argument's sake, that Plaintiffs have suffered real damages, that Plaintiffs are private figures, and even that the information in controversy was disseminated in a negligent manner. Notwithstanding these assumptions that clearly favor Plaintiffs, their claim for defamation is fatally close to dismissal. As will be seen, Plaintiffs' claim is perilously on the brink of dismissal as Defendants are seeking brevis disposition based on a determination of guilt as to Plaintiff as concluded by a unanimous jury, in a federal criminal case of conspiracy to commit money laundering using money received from drug sales. Hence, because the truth is an ab-

solute defense in defamation cases under Puerto Rico law,[4] Defendants contend that no defamation can exist because the alleged defamatory statements are true.

Plaintiffs could be unable to sustain their cause of action for defamation for various reasons. First they may be unable to prove that the information allegedly disseminated by Defendants was false.[5] Albeit not at this time, Plaintiffs' claim may be dismissed because the truth of the statements proffered based on a conviction may provide an unassailable defense.[6] Although Puerto Rico's defamation law only places a burden upon Plaintiffs to prove the falsity of the allegedly defamatory statements, Defendants have based their summary judgment request on irrefutable documents that show Basilio Rivera Rodriguez was convicted of a felony—i.e., conspiracy to commit money laundering with the proceeds from drug transactions in the District of Puerto Rico (Criminal No. 00–001). *Mojica Escobar*, 926 F.Supp. at 34. The classical defense against Plaintiffs' defamation claim would be, after all, proving the veracity of the allegedly proffered

---

Rico's "Libel and Slander Act is effective insofar as it is not incompatible with the cited provisions of the judicial interpretations of the First Amendment [of] the United States Constitution made by the federal Supreme Court." (*citing Clavell Ruiz v. El Vocero De Puerto Rico*, 115 P.R. Offic. Trans 902, 908, 1984 WL 271552 (1984)).

**3.** *See Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 98 (1st Cir.1996); *Hernandez v. Citibank, N.A.*, 141 F.Supp.2d 241, 243 (D.Puerto Rico 2001); *Mojica Escobar v. Roca*, 926 F.Supp. 30, 33 (D.Puerto Rico 1996); *see also Torres Silva v. El Mundo, Inc.*, 106 P.R. Offic. Trans. 581, 598 (1977)(restating the elements of a libel cause of action in Puerto Rico).

**4.** In *Mulero v. Martinez*, 58 P.R.R. 322, 325 (1941)(emphasis added), the Supreme Court of Puerto Rico explained that:

"When what is charged to the plaintiff, as in the case at bar, is the commission of a crime for which he could be tried, the presumption of innocence that the law establishes in favor of every person is prima facie evidence of the falsity of the charge and of the lack of a probable cause of action. The fact of publication being established, it [is] **the duty of the defendant to prove in his defense the truth of the facts** publicly charged by him to the plaintiff."

**5.** Proving the falseness of the expressions made is a pivotal element of libel under Puerto Rico law. *Torres Silva*, 106 P.R. Offic. Trans. at 598.

**6.** *See id.*

statements.[7] Defendants' proffered documents may be sufficient to prove that the statements attributed to defendants are true and hence bar the action against them. *Ayala–Gerena,* 95 F.3d at 98. Basilio Rivera Rodriguez has been convicted of participating "in the conspiracy by purchasing money orders, manager's checks and other financial instruments and partic005ipat[ing] in other financial transactions with cash received from drug sales." (Indictment pg. 5). This fact could have been disseminated publicly in a negligent manner, but if true, as a valid defense, Defendants may be set free.

Lastly, the Court has examined the record and holds that Plaintiffs may be collaterally precluded from relitigating the issues decided at the criminal trial.[8] Collateral estoppel, also known as "issue preclusion," prevents relitigation of an issue which already has been litigated and decided in a previous case. *See generally* 10A Charles A. Wright, Arthur R. Miller & Edward H. Copper, *Federal Practice and Procedure,* § 4416 (1983). "A party may move for summary judgment on the ground that ... the earlier litigation actually determined an issue crucial to both actions so that an application of collateral estoppel entitles the movant to a judgment as a matter of law in the second action." *Id.* at § 2735.

Where, as here, a federal court has subject matter jurisdiction pursuant to diversity of citizenship, the First Circuit has held that federal law governs the preclusive effect of a prior federal court judgment. *See Apparel Art Int'l, Inc. v. Amertex Enterprises,* 48 F.3d 576, 582–83 & n. 7 (1st Cir.1995). The federal doctrine of collateral estoppel precludes a party from relitigating an issue if: (1) the party had a "full and fair opportunity to litigate" the issue in an earlier action, and (2) the issue was *finally* decided in that action, and (3) the issue was decided against that party, and (4) determination of the issue was essential to the earlier judgement. *DeCosta v. Viacom Int'l, Inc.,* 981 F.2d 602, 605 (1st Cir.1992). Applying this test the Court finds that Plaintiff may be collaterally estopped from bringing forth this action. Basilio Rivera Rodriguez had "full and fair opportunity to litigate" his defense before a judgment of guilty was entered by a jury. Furthermore, in claiming damages for defamation in the instant case, based on statements allegedly made concerning Plaintiff's involvement in money laundering and narco-trafficking, would be raising the same issues as to money laundering and narco-trafficking that were adjudicated in a criminal context.

Collateral estoppel operates only as to matters actually litigated and decided at

---

7. *Cardillo v. Zyla,* 486 F.2d 473, 474 (1st Cir.1973) (holding that a civil claim is barred by collateral estoppel even though the prior adjudication was in criminal proceedings and the parties are not the same because the matters were actually litigated and decided in the prior trial); *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 569, 71 S.Ct. 408, 95 L.Ed. 534 (1951) ("a criminal conviction based on a jury verdict of guilty must be regarded as having been determined by the judgment," accordingly, the prior judgment may be introduced in a civil case to establish prima facie all matters of fact and law that were decided by the conviction).

8. *Cardillo,* 486 F.2d at 474; *Schneider v. Colegio de Abogados,* 670 F.Supp. 1098, 1103 (D.P.R.1987) (even without satisfying the perfect identity of persons, things and issue a party may still invoke the doctrine of collateral estoppel which precludes the relitigation of issues of issues actually litigated and determined by a valid and final judgment); *Pereira v. Hernandez,* 83 P.R.R. 156, 161 n. 7, 1961 WL 13846 (1961); *see also A & P General Contractors v. Asoc. Cana,* 10 Offic. Trans. 984 (1981).

the prior trial. In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment. Therefore, Plaintiff may be collaterally estopped from relitigating them in a civil trial such as this one. *Glantz v. United States*, 837 F.2d 23, 25 (1st Cir.1988); *Emich Motors*, 340 U.S. at 568–69, 71 S.Ct. 408; *see also Kennedy, Attorney General v. Mendoza–Martinez*, 372 U.S. 144, 157, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). Issue preclusion applies to a federal civil rights action following a criminal conviction in a state court. *Allen v. McCurry*, 449 U.S. 90, 102, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The same reasoning applies with even more force to a prior federal criminal conviction. *Glantz*, 837 F.2d at 25. The question, therefore, is whether the allegations raised in the complaint were determined in the antecedent criminal case.

Plaintiffs' present civil claims are based on issues whose earlier determination was essential to the criminal judgment—i.e., his participation in the money laundering with cash received from a drug trafficking scheme. *Cardillo*, 486 F.2d at 475; *accord Mastracchio v. Ricci*, 498 F.2d 1257, 1261 (1974), *cert. den.* 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838. Therefore, Plaintiffs' civil claim may be barred by collateral estoppel even though the prior adjudication was in a criminal proceeding. *Id.; Emich Motors*, 340 U.S. at 568–569, 71 S.Ct. 408. Moreover, even if the present claim does not consist of the same parties at the criminal trial, the claim could be

nonetheless barred. *Id.*[9] The Court, however, must stay its hand and not dismiss the pending lawsuit at this time. The Court explains.

■ The problem with Defendants' request is that the criminal determination that Plaintiff violated federal law in engaging in a conspiracy to money launder using proceeds from narcotrafficking money is that the determination is not, as of this writing, a final determination because Plaintiff's conviction is not yet final as of this writing.[10] For collateral estoppel by judgment to attach **the judgment must be final.** *DeCosta*, 981 F.2d at 605. Hence, at this time the Court cannot grant summary judgment dismissing the instant case in favor of the Defendants.

## IV

## CONCLUSION

Although a unanimous jury found plaintiff guilty of committing money laundering using narcotraffic money, said determination is, as of this writing, not yet a **final** decision and, hence, the doctrine of collateral estoppel does not attach. *DeCosta v. Viacom Int'l, Inc.*, 981 F.2d at 605. The court prefers to hold its hand on a summary judgment request until said decision is final. Defendants may, at their option, renew the request when and if the decision becomes **final,** or in a separate summary judgment motion, without relying on said criminal judgment, should plaintiff latter

---

9. Mutuality of estoppel, is no longer normally required. *Cardillo*, 486 F.2d at 475; *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *P.I. Enterprises, Inc. v. Cataldo*, 457 F.2d 1012, 1015 (1st Cir.1972). What is required is that the party against whom the plea of estoppel is asserted have been a party or in privity with a party to

the prior adjudication. *Cardillo*, 486 F.2d at 475–76; *Blonder–Tongue*, 402 U.S. at 323–24, 91 S.Ct. 1434.

10. Plaintiff's judgment was entered on June 7, 2001 and he appealed on July 6, 2001. The Circuit Court has not decided the appeal, as of this writing.

be found innocent by the Court of Appeals or at a retrial.

Because the court deems that the doctrine of collateral estoppel may be applicable if the Court of Appeals sustains the criminal conviction, the court shall hold its hand until the criminal conviction matter is finally determined. The court, therefore, *sua sponte,* stays all procedures in the instant case until the criminal conviction matter becomes final as to the guilt or innocence of Plaintiff.

The parties are to inform the court as to this matter as soon as "finality" has been achieved. **WHEREFORE,** Defendants' request for Summary Judgment is **DENIED** without prejudice. (Docket No. 78).

**IT IS SO ORDERED.**