**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1816

ALIRIO SEGARRA-JIMENEZ,

Plaintiff, Appellant,

v.

BANCO POPULAR DE PUERTO RICO; JAVIER OTERO-COLON;
DORIS L. ROMAN-MILAN; PAYLESS SHOE STORES; JUAN VASQUEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lipez, Circuit Judge,
Gibson* and Stahl, Senior Circuit Judges.

Rudolph C. Campbell Valdez and Julio Gil de Lamadrid on brief
for appellant.
Israel Roldan Gonzalez on brief for appellee Román-Milán.
Luis N. Saldaña, Frances R. Colón Rivera, Francisco M. Viejo
López, and Saldaña & Carvajal, P.S.C. on brief for appellees Banco
Popular de Puerto Rico and Otero-Colón.

May 25, 2007

*Of the Eighth Circuit, sitting by designation.

**STAHL**, <u>**Senior Circuit Judge**</u>.  Appellant Alirio Segarra-Jimenez brought claims of slander, malicious prosecution, false imprisonment, and intentional infliction of emotional distress against a variety of defendants.  Finding no factual basis in the record upon which these allegations could be proven, the district court granted summary judgment as to all claims in favor of the defendants.  Finding no error in the district court's decision, we affirm the grant of summary judgment, for substantially the reasons outlined by the court below.

Because we write primarily for the parties, we do not provide a detailed recitation of the facts.[1]  This case arose out of the defendants' suspicion that Segarra-Jimenez used a stolen ATM card to fraudulently withdraw money from defendant Doris Román-Milán's bank account at Banco Popular de Puerto Rico ("Banco Popular").  When Banco Popular, also a defendant, was alerted to the fraudulent withdrawals, it assigned fraud investigator Javier Otero-Colón, also a defendant, to investigate the matter.  As part of his investigation, Otero-Colón invited Segarra-Jimenez to a meeting at the bank, which was held in an open cubicle and lasted a little over an hour.  During the meeting, the investigator

---

[1]Because Segarra-Jimenez failed to comply with Local Rule 56(c), which requires the non-moving party to file a detailed statement admitting, denying, or qualifying the moving party's statement of material facts, the district court deemed admitted the defendants' version of the facts.  We draw from that version here as well.

accused Segarra-Jimenez of withdrawing the money, and allegedly threatened to press criminal charges against him if he left the meeting. Segarra-Jimenez summoned his attorney to the bank, and subsequently left the bank accompanied by his attorney. As Segarra-Jimenez was leaving, the investigator allegedly yelled that he was going to put Segarra-Jimenez in jail and that he should ignore his attorney's advice.[2] Based on the events at the bank meeting, Segarra-Jimenez alleges that the investigator and the bank committed slander and false imprisonment.

The owner of the stolen ATM card, Román-Milán, filed a criminal complaint against Segarra-Jimenez, believing he was the person who had taken her card and used it to withdraw money from her account. Both she and the investigator provided affidavits to the police outlining the reasons they suspected Segarra-Jimenez of the fraud. Finding probable cause, the police arrested Segarra-Jimenez and bail was set at $400. Subsequently, at a preliminary hearing, a judge determined there was not probable cause for prosecution, and all charges against Segarra-Jimenez were dropped. Because of the court action, Segarra-Jimenez claims that the defendants' acts resulted in a malicious prosecution and intentional infliction of emotional distress. He alleges that as

---

[2]As to Otero-Colón's alleged threat during the meeting and alleged statements as Segarra-Jimenez was leaving the bank, the defendants denied that they had actually occurred, but deemed them uncontested facts for purposes of their motion for summary judgment.

a result of the defendants' actions he was forced to quit his job, move to Florida, and seek medical care for psychological problems. Alleging $3 million in damages, Segarra-Jimenez filed suit in the United States District Court for the District of Puerto Rico, claiming diversity jurisdiction. Following the district court's grant of summary judgment to defendants, this timely appeal followed.

We review the district court's grant of summary judgment de novo. See Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 54 (1st Cir. 2006). "[M]otions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal. As we have warned, 'brash conjecture, coupled with earnest hope that something concrete will eventually materialize, is insufficient to block summary judgment.'" Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (quoting Dow v. United Bhd. of Carpenters, 1 F.3d 56, 58 (1st Cir. 1993)).

We agree with the district court's cogent reasons for granting summary judgment to the defendants as to all of Segarra-Jimenez's claims. Based on the uncontested material facts in the record, Segarra-Jimenez plainly cannot meet the required elements of any of the claims he has brought against defendants. As to the slander claim, as the district court concluded, the statements that Otero-Colón allegedly yelled at Segarra-Jimenez as he was leaving

the bank are simply not defamatory; the statements did not speak to Segarra-Jimenez's character, nor were they injurious. See Pardo Hernandez v. Citibank, N.A., 141 F. Supp. 2d 241, 244 (D.P.R. 2001). In addition, according to the record before us, Otero-Colón's statement during the meeting that he suspected Segarra-Jimenez of fraud was not published by communication to a third party. See Porto v. Bentley P.R., Inc., 132 P.R. Dec. 331, 346-47 (1992).

As to the malicious prosecution claim, Segarra-Jimenez offers no record evidence, but only pure speculation, that defendants initiated a criminal complaint with malice and without probable cause. See Raldiris v. Levitt, 103 P.R. Dec. 778, 782 (1975). As to the false imprisonment claim, Segarra-Jimenez does not point to any record evidence to suggest that he was restricted in his movements during the meeting. The meeting, attended voluntarily by Segarra-Jimenez, was held in an open cubicle, and Segarra-Jimenez was free to leave at any time, which he eventually did. Otero-Colón's alleged threat did not rise to the level of deprivation of freedom of movement required to support a false imprisonment claim. See Ayala v. San Juan Racing Corp., 112 P.R. Dec. 804, 813 (1982). Finally, Segarra-Jimenez has waived his claim of intentional infliction of emotional distress, as he fails on appeal to support this claim in any detail. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to

in a perfectory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

We also briefly note that Segarra-Jimenez's argument on appeal that summary judgment was granted prematurely, before discovery was complete, is without merit. The appellant did not file a Rule 56(f) motion with the district court for an extension of the summary judgment deadline in order to conduct further discovery. See Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Therefore, he cannot now argue that the district court granted summary judgment before he had the opportunity to conduct sufficient discovery. See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999) ("Ordinarily, a party may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful.") (internal quotation omitted); see also Kiman v. New Hampshire Dep't of Corrections, 451 F.3d 274, 282 n.7 (1st Cir. 2006).

The grant of summary judgment by the district court is therefore affirmed.